IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03146-WYD-MEH

reFX AUDIO SOFTWARE INC.,

    Plaintiff,

v.

JOHN DOES 1-123,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 12, 2013.**

    Defendant Doe 91's Motion to Quash [filed April 8, 2012; docket #12] is **denied without prejudice** for the following reasons.

    First, from the content of the present motion, the Court infers that Defendant Doe 91 seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Doe 91 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before April 29, 2013** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).[1] With such filing, Doe 91 must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement" to the motion. If Doe 91 wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

    In addition, Doe 91 fails to attach a copy of the challenged subpoena and, if he chooses to re-file his motion, he must attach a copy of such subpoena. The Court advises Doe 91 that, to the extent he seeks to quash or modify a subpoena issued through any district other than the District of

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

Colorado, the Court would deny such request without prejudice.  Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added).  *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district).  "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them."  *In re Sealed Case*, 141 F.3d at 341 (citations omitted).  Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court.  *See In re Digital Equipment Corp.*, 949 F.2d at 231.