IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03146-WYD-MEH

reFX AUDIO SOFTWARE, INC.,

    Plaintiff,

v.

DARRYL JOHNSON II,
ELEANOR TURNER,
KEITH ESTES, and,
NICOLE FIELDS,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a Renewed Combined Motion to Compel Discovery Against Defendant Keith Estes, to Modify the Discovery Schedule, and for Attorney's Fees [filed January 29, 2014; docket # 124]. The motion has been referred to this Court for disposition. (Docket # 125.) The matter is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the following reasons, the Defendants' motion is **granted in part** and **denied in part.**

**I.    Background**

This lawsuit arises out of Defendant's alleged copyright infringement of Plaintiff's reFX Audio Software pursuant to § 17 U.S.C. 101 (the "Copyright Act"). Plaintiff is a Canadian company that produces software used for sound mixing. Plaintiff alleges that Defendant infringed its ROM synthesizer-plugin software program, specifically Nexus 2 and/or Nexus 2.2.0, by means of an interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent. Plaintiff

recovered Defendant's identification by providing Defendant's Internet Service Provider ("ISP") with Defendant's Internet Protocol ("IP") address through subpoena and requesting the identity of the person assigned to the specific IP address. Plaintiff named Defendant in an amended complaint, (docket #55), and both parties attended a scheduling conference on September 5, 2013. (Docket #102.) This Court issued a Scheduling Order setting a discovery cutoff of February 21, 2014. (Docket #103.) On January 29, 2014, Plaintiff filed this Combined Motion to Compel Discovery Against Defendant Keith Estes, to Modify the Discovery Schedule, and for Attorney's Fees ("Motion to Compel"). (Docket #124.)

Plaintiff argues that Defendant has failed to submit Rule 26(a)(1) disclosures, which were due on or before September 19, 2013, and failed adequately to respond to Plaintiff's First Set of Written Discovery served on November 25, 2013. Defendant counters that Plaintiff also failed to submit Rule 26(a)(1) disclosures due by September 13, 2013, and did not file timely Rule 26(a)(2) expert disclosures which were due on or before January 3, 2014. The discovery cutoff in this case was February 21, 2014 and has, therefore, passed. Plaintiff notes that calls were made to Defendant on January 3, 2014 and January 7, 2014 to try to resolve the disputes. Defendant responded by letter and, apparently, the discovery disputes were not resolved. Thus, Plaintiff seeks to compel production of Defendant's initial disclosures, complete responses to its discovery requests, attorney's fees and costs, and an extension of the discovery deadlines in this case.

**II.     Legal Standards**

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the

> court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2012). Generally, the party objecting to discovery as irrelevant must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). First, however, the party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

It appears that Defendant's primary objection to responding to Plaintiff's discovery requests is his "right to privacy." To protect a party from annoyance, embarrassment, oppression or undue burden, the Court may issue a protective order in the case. Fed. R. Civ. P. 26(c). The Court notes that neither party has presented a proposed protective order to abate the privacy and/or confidentiality concerns of the parties; however, the Court finds good cause to enter such order in this case and directs the Plaintiff to prepare and submit to the Court such proposed protective order in accordance with the order issued in *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (D. Colo. 2000).

## III.   Discussion

Mindful that a protective order will be issued in this case to protect the privacy and confidentiality concerns of the parties, the Court finds as follows.


### A.     *Rule 26(a)(1) Disclosures*

Plaintiff asks Defendant to produce his Rule 26(a)(1) disclosures. Plaintiff asserts that Defendant did not comply with the Civil Scheduling Order (docket #103) by not submitting his disclosures on or before September 19, 2013. (Docket #124.) However, Defendant also asserts that Plaintiff did not submit their disclosures on or before their deadline of September 12, 2013. (Docket #127.) Both parties are required to submit Rule 26(a)(1) disclosures to the other parties, without awaiting a discovery request, either 14 days after the Rule 26(f) conference, or by the deadline set out by court order. The Civil Scheduling Order filed on September 5, 2013, set the deadlines mentioned above. Neither party complied with these court ordered deadlines and are being ordered to do so now.[1] The Court grants the Motion to Compel and orders Defendant to produce his Rule 26(a)(1) disclosures on or before March 31, 2014.

### B.     *Defendant's Responses to Plaintiff's First Set of Interrogatories*

The Court will address each challenged discovery request in the same order set forth in Plaintiff's Motion to Compel:

Interrogatory # 1

Plaintiff asks Defendant to identify all persons who had lived in or visited the household during the time period at issue, July 25, 2012 through January 16, 2013. In response, Defendant described who lived at the residence during the time period, but responds that he does not recall who, if anyone, visited. The Court believes that this is an appropriate response. If Defendant

---

[1] Plaintiff asserts that it submitted its Rule 26(a)(1) disclosures on September 12, 2013, and sent a second copy of the disclosures along with its Reply brief filed March 5, 2014. Plaintiff does not need to send another copy of his disclosures to Defendant, unless Defendant indicates he did not receive the second copy. (Docket #128.) Defendant may use the same format used by Plaintiff in providing his disclosures to the Plaintiff.

develops more information with regard to visitors during the time period at issue, he may supplement or amend his response. *See* Fed. R. Civ. P. 26(e). The Court reminds Defendant that he must be deliberate in considering each discovery request and seeking responsive information and/or documents within his possession or control. The Court denies the Motion to Compel as to this Interrogatory, and Defendant is instructed to supplement his response if and when he learns any new information.

Interrogatory # 2

Plaintiff asks Defendant to identify all persons who had access to the Internet at the household during the time period at issue, July 25, 2012 through January 16, 2013, with or without permission. Defendant states that he cannot answer the interrogatory as it would be an infringement of his privacy. The Court finds Interrogatory # 2 seeks relevant information and Defendant's forthcoming response may contain information subject to the operative protective order. Thus, Defendant shall answer the question as to the identity of his wife and the age of his minor child(ren). Defendant shall also answer the latter part of the question to the best of his recollection. If Defendant does not have or know the requested information, he must so state. Therefore, the Court grants the Motion to Compel as to this Interrogatory and directs Defendant to fully and completely respond.

Interrogatory # 3

Plaintiff asks Defendant to provide his IP Address. Defendant states that answering the question would be an infringement upon his right to privacy. The Court is perplexed as to this interrogatory, since the Plaintiff has already alleged the Defendant possesses IP Address 75.70.81.148. Amended Complaint, ¶ 34, docket #55; ISP List, docket #55-1. To the extent the

Plaintiff seeks the truth of its allegation, such request may be made in the form of a Request for Admission or during the Plaintiff's deposition. Therefore, without more from Plaintiff, the Court denies the Motion to Compel as to this Interrogatory.

Interrogatory # 9

Plaintiff requests Defendant identify any communication received from his Internet Service Provider (ISP) in the last two years, regarding any changes in the terms of his contract or agreement and any notices regarding copyright infringement. Defendant states that answering the question would be an infringement upon his right to privacy. The Court finds Interrogatory # 9 is overbroad as to the time period, but seeks relevant information for the period July 2012 to July 2013, and Defendant's forthcoming response may contain information subject to the operative protective order. Therefore, the Court grants in part and denies in part the Motion to Compel as to this Interrogatory and directs Defendant to fully and completely respond for the time period July 2012 to July 2013.

Interrogatory # 5

Plaintiff seeks information about any internet capable devices that had been in the home during the time period at issue, July 25, 2012 through January 16, 2013. Defendant objects that the question is overly burdensome. The Court disagrees with Defendant and finds Interrogatory # 5 seeks relevant information for the limited time period. As with Interrogatory # 2, if Defendant does not have the requested information, he must so state. If he has some but not all of the information, he must identify that information. Therefore, the Court grants the Motion to Compel as to this Interrogatory and directs Defendant to fully and completely respond.

Interrogatory # 6

Plaintiff asks Defendant to identify any person he knows who mixes, edits, modifies, or creates music. Defendant responds "unknown at this time." Responses, docket # 124-1 at 2. The Court finds this to be a sufficient response. Again, the Court reminds Defendant that he must be deliberate in considering each discovery request and seeking responsive information and/or documents within his possession or control. If Defendant recalls or develops more information about any person he knows who mixes, edits, modifies, or creates music, he shall supplement or amend his response pursuant to Rule 26(e). The Court denies the Motion to Compel as to this Interrogatory.

Interrogatory # 11

Plaintiffs asks Defendant to identify each internet browser used by each individual who had access to his internet connection during the time period July 25, 2012 through January 16, 2013. Defendant responds "unknown at this time." Responses, docket # 124-1 at 3. The Court finds Interrogatory # 11 seeks relevant information, and Defendant's forthcoming response may contain information subject to the operative protective order. Accordingly, Defendant shall attempt to collect the information and respond to the question to the best of his knowledge. If Defendant does not have the requested information, he must so state. The Court grants the Motion to Compel as to this Interrogatory and directs Defendant to fully and completely respond.

### C. *Defendant's Responses to First Request of Documents*

Requests for Production Nos. 2, 4-7, 9

Plaintiff requests copies of various documents from Defendant as follows:

RFP No. 2 – All documents and communications that refer or relate to Defendant's use of peer to peer file transfer technology, including BitTorrent and µTorrent.

RFP No. 4 – All documents and communications that refer or relate to Defendant's use or

knowledge of reFX Audio Software Inc. products, including but not limited to Nexus 2.

RFP No. 5 – All documents and communications that refer or relate to Defendant's use or purchase of the software or video games specified by Plaintiff reFX Audio Software Inc.'s First Set of Requests for Admission Numbers 22 through 24.

RFP No. 6 – All documents that refer or relate to the maintenance, inspection, or modification of any and all Internet capable devices at Defendant's place of residence during the time period at issue.

RFP No. 7 – All documents and communications that refer or relate to this action.

RFP No. 9 – All documents and communications that refer or relate to reFX.

Generally, Defendant objects to all of these requests as "overly burdensome" and states "[i]t is my assumption that you have this documentation from the District of Colorado court and/or retained copies of your correspondence to me regarding my alleged use of the software referred to in this request." Responses, docket #124-2 at 2-3. The Court finds that Defendant's response is insufficient, that RFP Nos. 2, 4-7 and 9 seek relevant information, and that Defendant's forthcoming response may contain information subject to the operative protective order. The Court notes that in addition to his general objection, Defendant also states in response to RFP Nos. 4, 5, and 6, that he is "unaware any documentation, if any, exists." It appears the Defendant vaguely attempts to state that he neither has nor knows of the documents requested; however, such statement is unclear. Therefore, Defendant is directed to gather any documents in his possession, custody or control that respond to the listed RFPs. If Defendant neither has, nor has access to, any of the documents requested by Plaintiff, he must so state. The Court grants the Motion to Compel as to Requests for Production Nos. 2, 4-7, 9.

**IV.   Conclusion**

Accordingly, as set forth above, Plaintiff's Renewed Combined Motion to Compel Discovery Against Defendant Keith Estes, to Modify the Discovery Schedule, and for Attorney's Fees [filed January 29, 104; docket # 124] is **granted in part and denied in part** as set forth herein.

On or before March 17, 2014, the Plaintiff shall confer with Defendant for the preparation and submission to the Court by email (hegarty_chambers@cod.uscourts.gov) a proposed protective order in accordance with the order issued in *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (D. Colo. 2000). The Court will issue the approved protective order as soon as possible after it is submitted.

The Defendant shall submit his supplemental responses to Plaintiff's discovery requests in accordance with this Order on or before March 31, 2014. Failure to do so may result in sanctions.

Further, pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court finds any award of expenses unjust under the present circumstances, and, thus, the Court denies all requests for attorneys' fees and costs.

Finally, the Court finds good cause to modify the Scheduling Order as follows:

Initial expert disclosure:     April 30, 2014

Rebuttal expert disclosure:    May 15, 2014

Discovery cutoff:              May 30, 2014

Dispositive motions due:       June 30, 2014

The Court will grant no further extensions of these deadlines absent a showing of exceptional cause.

Entered and dated at Denver, Colorado, this 7th day of March, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge